## RED WING GOLD MIN. CO. v. CLAYS.

No. 1544.  Decided January 13, 1906 (83 Pac. 841).

1. MINES AND MINERALS—EXTENT AND LOCATION OF VEIN—BURDEN OF PROOF.—Where, in trespass for taking ore from beneath the surface of mining claims owned by plaintiff, defendant alleged that all the mineral removed was removed from a vein the apex of which was wholly within his mining claim, defendant had the burden of establishing the location of the vein and its apex.

2. APPEAL—FINDINGS—CONCLUSIVENESS.—Where the evidence, though conflicting, supports the findings of the trial court, they will not be disturbed.

APPEAL from District Court, Third District; S. W. Stewart, Judge.

Action by the Red Wing Gold Mining Company against William D. Clays.  From a judgment for defendant, plaintiff appeals.

AFFIRMED.

*Henderson, Pierce, Critchlow & Barrette,* and *Bierer & Orem* for appellant.

*Frick & Edwards* for respondents.

McCARTY, J.

This is an appeal from a final judgment and decree entered in the district court of Salt Lake county in favor of the defendant against the plaintiff.

The complaint contains three causes of action:  The first and second causes of action are for alleged trespasses com-

mitted by defendant in taking ore from beneath the surface of the Columbia and Silver Hill mining claims, owned by plaintiff, and are situated in West Mountain mining district, Salt Lake county, Utah; and the third cause of action is for a perpetual injunction to restrain defendant from committing further trespass. The defendant is the owner of the Julia Dean mining claim, and in his answer alleges, in part, "that within the boundaries of the said Julia Dean mining claim of defendant are lodes or veins of mineral extending in a northerly and southerly direction, parallel to the side lines thereof, throughout the full length of the claim, and on their strike extending through and across the end lines thereof and dipping into the earth in a westerly direction at a varying angle between twenty and thirty degrees, having their tops and apexes within the exterior limits of the said Julia Dean lode mining claim and outside of the exterior limits of the mining claims and premises mentioned and described in plaintiff's complaint as the property of the plaintiff; . . . . that the defendant, in working, developing, and following the said lodes and veins having their apexes wholly within the exterior limits of the said Julia Dean mining claim, and in extracting waste, rock, and ore from the same on their strike, has worked the same on their course downward, dipping in a westerly direction under and beneath the surface of the mining claims and premises mentioned and described in plaintiff's complaint, to-wit, Silver Hill and Columbia lode mining claims; . . . and that all the work done as aforesaid, and all mineral removed by the defendant, was done and removed from a vein or veins, the tops or apexes of which are wholly within the premises of the defendant, as aforesaid."

The court, among other things, found: "(4) That the discovery of said Julia Dean lode claim is near the south end line of said claim and near the center thereof, and is on what is commonly known as the Julia Dean vein; that said Julia Dean vein is a large fissure vein, entering upon the Julia Dean claim upon its strike near the discovery aforesaid, and continues thence on a northerly course through the entire length of said Julia Dean claim to and through its northerly end line

and that said Julia Dean vein has its apex in said Julia Dean claim throughout the entire length of said claim between the end lines thereof, and no part of the apex of said Julia Dean vein is upon the Columbia, Silver Hill, or other claims owned by the plaintiff between the end lines of said Julia Dean claim, but the whole of the apex of said Julia Dean vein is within and upon said Julia Dean claim owned by the defendant. . . . (7) That said Julia Dean vein dips into the earth in a southwesterly direction with a strike in a northwesterly direction and enters into the Silver Hill, Columbia, Brink, and Rustler claims of the plaintiff upon its dip into the earth, and the major portion of said Julia Dean vein upon its dip is within the exterior boundaries of the aforesaid claims of plaintiff, but no part of the apex of said Julia Dean vein is within the exterior surface boundaries of said claims, but the whole of said apex is upon the Julia Dean claim, so far as said vein is covered by said Julia Dean claim between both of its end lines."

As stated by counsel for appellant in their brief: "The principal point in the case hinges upon finding 4." It is admitted that the Julia Dean vein passes upon its strike or course through the southerly end line of the Julia Dean claim, and runs thence northerly, with its apex wholly within the exterior limits or side lines of said claim, for a distance of about 400 feet, to a point near the westerly side line thereof, which point is marked and designated as "station 205." The development work done north and northwesterly from this point on the mining claims mentioned is not very extensive, and the apex of the Julia Dean vein is not so easily traced on its course northerly beyond station 205 as it is from the discovery monument to said station, and there is a sharp conflict in the evidence respecting the strike and location of the apex of the vein after it leaves station 205 on its northerly course. Appellant contends that at or near this station the vein on its course crosses the westerly side line of the Julia Dean claim and wholly departs therefrom, and continues on its strike into, along, and through the Columbia claim, owned by plaintiff, and with its apex entirely within the exterior

limits or side lines of the Columbia, from the point where it is claimed the vein crosses the westerly side line of the Julia Dean at or near station 205. On the other hand, respondent insists that there is ample evidence in the record to support the finding of the court that the Julia Dean vein continues in, through, and along the Julia Dean claim to the northerly end line thereof, and that the apex of the vein is wholly and exclusively within the exterior limits or side lines of said claim.

As hereinbefore stated, there is a conflict in the evidence on this point. The defendant, upon whom was the burden of proof to establish the location of the vein and its apex on its strike northerly beyond station 205, introduced evidence which tends to show that the strike of the vein northerly from said station is parallel with the side lines of the Julia Dean claim from station 205 to the north end line thereof, with the apex of the vein within the exterior limits of said claim for the entire distance. While, on the other hand, plaintiff's evidence tended to show that the Julia Dean vein on its strike wholly departs from the Julia Dean claim at or near station 205, and continues on its true course through and along the Columbia claim, with the apex of the vein wholly within said claim. The record is voluminous and contains about 1,800 pages of evidence, besides numerous exhibits consisting of photographs of the premises showing the contour of the ground and excavations made on the surface thereof, and maps showing the boundaries of the respective claims, as well as the extensive underground workings therein, which were introduced in evidence and made a part of the record. To reproduce the evidence here, even in an abridged and condensed form, we do not deem important under our view of the case.

After the evidence was all in, and before judgment was entered, the trial judge, at the request of counsel for both sides, visited and made a personal inspection of the premises and property mentioned. The trial court, having had the benefit thus derived from a personal examination of the property, and having had an opportunity to observe the demeanor and appearance of the witnesses who testified in the case, was bet-

ter able to correctly weigh the conflicting evidence than is this court, who has before it only the exhibits and printed record. We are, therefore, of the opinion that the findings and decree cannot be disturbed, as there is ample evidence in the record to support them.

The judgment is affirmed, with costs.

BARTCH, C. J. and STRAUP, J., concur.